UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PRECISION MEDICAL TECHNOLOGIES, INC., | ) <br> ) <br> ) |
| Plaintiff/Counter-Defendant, | ) <br> ) |
| v. | )    Case No. 1:22-cv-00125-SLC <br> ) |
| NEXUS SPINE L.L.C., | ) <br> ) |
| Defendant/Counter-Claimant. | ) |

## OPINION AND ORDER

Plaintiff initially filed this matter in the Allen County Superior Court in Fort Wayne, Indiana, on January 31, 2022. (ECF 6). On April 12, 2022, Defendant filed four counter-claims against Plaintiff (ECF 3) and then removed the case here pursuant to 28 U.S.C. § 1441(a), alleging diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 (ECF 1). Problematically, Defendant—whose name indicates it is a limited liability company (LLC)—alleges in its Notice of Removal that it is a "Utah Limited Liability Partnership having a principal place of business, in the State of Utah and is therefore deemed a Utah citizen." (*Id.* ¶ 2). But a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Further, Defendant alleges that § 1332(a)'s $75,000 amount in controversy is met—even though Plaintiff's complaint alleges just $45,277.13 in damages (ECF 6 ¶ 9)—because it estimates its counter-claims against Plaintiff are worth approximately $528,169.22 (ECF 1 ¶ 3).

On April 15, 2022, District Court Judge Damon Leichty *sua sponte* entered a show-cause Order raising the issue of subject matter jurisdiction—ordering Defendant to address the citizenship of its members and the propriety of relying on a counter-claim to meet the amount in

controversy requirement.  (ECF 11).[1]  On May 2, 2022, Defendant filed a response to the show-cause Order (ECF 15), to which Plaintiff filed a reply on May 6, 2022 (ECF 17).  Defendant filed a subsequent reply and objection on May 17, 2022.  (ECF 24).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  "When considering whether to remand a case that has been removed to federal court, '[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum,' with any doubt regarding jurisdiction resolved in favor of remand."  *Amazing Trucking & Logistics, Inc. v. Am. Inter-Fid. Corp.*, No. 2:19 CV 284, 2020 WL 1685716, at *1 (N.D. Ind. Apr. 7, 2020) (alteration in original) (quoting *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).  While Defendant has now adequately shown that the parties are completely diverse (*see* ECF 15 ¶ 5, 15-1), it has not sustained its burden of showing that the amount in controversy requirement is met.

In that regard, Defendant primarily contends that it "is entitled to present its own estimate of the stakes [of the case]," and alleges that depriving it of federal jurisdiction gives Plaintiff the "benefit by playing a cat-and-mouse game" where it can later amend its complaint to seek more than the statutory threshold.  (ECF 15 ¶¶ 12-13 (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 5012 (7th Cir. 2006))).  While Defendant notes that "[t]he Seventh Circuit has not explicitly ruled on whether the amount in controversy may be satisfied by consideration of counterclaims," (*id.* ¶ 16 (alteration in original) (quoting *Amazing Trucking*, 2020 WL 1685716, at *1-2)), it urges the Court to follow the lead of the Third and Ninth Circuits (*id.* ¶¶ 16-17 (citing *Spectacor*

---

[1] The parties have since consented to the Undersigned pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (ECF 19).

*Mgmt. Grp. v. Brown,* 131 F.3d 120, 121 (3d Cir. 1997); *Fenton v. Freedman,* 748 F.2d 1358, 1359 (9th Cir. 1984))). In particular, relying on *Spectator*, Defendant emphasizes that its counter-claims, which it describes as compulsory, is part of the "totality of the controversy," and should therefore be considered. (*Id.* ¶¶ 18-19 (citing *Spectacor*, 131 F.3d at 121)).

But as Judge Leichty noted in the show-cause Order, "the vast majority of district courts under the Seventh Circuit's purview have held that counterclaims may not be considered in establishing the amount in controversy." (ECF 11 at 2 (quoting *Amazing Trucking*, 2020 WL 1685716, at *1 (collecting cases))); *see also Plant Eng'g Servs., Inc. v. SIFCO Forge Grp.*, No. 1:12-CV-231, 2012 WL 5398309, at *2 (N.D. Ind. Aug. 29, 2012), *R. & R. adopted,* No. 1:12-CV-231-JD-RBC, 2012 WL 5398308 (N.D. Ind. Nov. 5, 2012); *Software Dev. Sys., Inc. v. Sharma*, No. 99 C 1759, 1999 WL 356309, at *1 (N.D. Ill. May 24, 1999). Further, while not addressing the question squarely, the Seventh Circuit has emphasized that state court cases "may be removed only if the suit—*as the plaintiff framed or could easily have framed it in the complaint*—would have been within the district court's original jurisdiction at the time of the removal." *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) (emphasis added) (citation and internal quotation marks omitted). At least in the context of federal question jurisdiction, "a defense based on the United States Constitution or federal law does not make the suit removable, *and neither does a counterclaim* or other similar filing based on federal law." *Id.* (emphasis added). Similarly, when considering a third-party claim, the Supreme Court has observed "[§] 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is *irrelevant* to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (emphasis added).

3

Still more, the Third and Ninth Circuit cases cited by Defendant "are distinguishable from the scenario at hand because these cases were initiated by a complaint filed in federal court and not removed to federal court.  Removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction." *Plant Eng'g Servs., Inc.*, 2012 WL 5398308, at *3.  Again, unlike a case initially filed in Federal Court, in removal cases "[a]ny doubt regarding jurisdiction should be resolved in favor of [remand]." *Doe*, 985 F.2d at 911.  As such, '[l]ower court decisions have distinguished *Spectacor,* which was originally filed in federal court, from cases in which a party seeks removal from state court.'" *Plant Eng'g Servs., Inc.*, 2012 WL 5398309, at *2 (alteration in original) (quoting *Neschen Corp. v. Grafix Sols., Inc.,* No. 11–06748(JAP), 2011 WL 5870965, at *1 (D.N.J. Nov. 22, 2011)).

Finally, Defendant's proposed reasons for adopting the minority approach are unconvincing.  Though "for various reasons it [may be] unfair to allow [Plaintiff] to litigate its claim in state court, it is presumed that 'the plaintiff may choose [its] own forum.'" *Sharma*, 1999 WL 356309, at *2 (third alteration in original) (quoting *Doe,* 985 F.2d at 911).  "A rule that allows a removing defendant to allege diversity jurisdiction by using damages pled in a compulsory counterclaim does not narrowly construe removal jurisdiction; rather, 'it favors the removing party by allowing them to assert diversity jurisdiction even though the plaintiff's complaint clearly does not support it.'" *Plant Eng'g Servs., Inc.*, 2012 WL 5398309, at *3 (quoting *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 693 (D.N.J. 1998)).  Also, adopting the minority approach "would destroy uniformity because federal subject matter jurisdiction would be reliant on state law distinctions between compulsory and permissive counterclaims, which would allow some cases to be removed in some districts, but not in others, and would subject removal jurisdiction to changes in state law." *Id.* (citation and internal

quotation marks omitted).  Nor is there a risk of a "cat-and-mouse game" as Defendant asserts.  If Plaintiff subsequently amends its complaint to seek damages over the statutory threshold, Defendant can always seek removal then.  *See* 14C Alan Wright and Arthur Miller, Fed. Prac. & Proc. Juris. § 3725.4 (Rev. 4th ed.) ("[T]he federal district court must attempt to determine the magnitude of the amount put into controversy from the complaint filed by the plaintiff in state court and *any amendments that the plaintiff has made to that complaint* as of the time of removal . . . ." (emphasis added)).

In sum, Defendant has not sustained its burden of showing that the Court has subject-matter jurisdiction over this case.  Accordingly, this cause is hereby REMANDED to the Allen County Superior Court on the grounds that this Court lacks jurisdiction to hear it.  The Clerk is directed to close the case.[2]

SO ORDERED.

Entered this 21st day of June 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[2] 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  That being said, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Here, neither party briefed the issue of fees.  However, given that "[q]uestions about whether and how potential counterclaims are to be counted in satisfying the jurisdictional amount are a notorious quagmire of civil procedure" that have not been addressed by the Seventh Circuit, Defendant had a reasonable—albeit unconvincing—basis for removal.  *Linck v. Tayler*, No. 2:11-CV-245, 2012 WL 464367, at *1 (N.D. Ind. Feb. 10, 2012).  As such, no fees will be awarded.